## Sweeney *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Alighting from summer car.*

In an action by a passenger against a street railway company to recover damages for personal injuries sustained while alighting from an open summer car with transverse seats, the plaintiff testified that when the car was 100 feet from the crossing where he wished to get off, he arose, turned toward the back platform, raised his hand as a signal and called to the conductor to stop at the next street. The conductor pulled the bell, and as the speed slackened while the car was crossing the street the plaintiff stepped to the side and stood with one foot on the car and the other on the running board. When he observed that the car was not stopping on the north side of the street, he withdrew his foot from the running board to the body of the car, and again signaled the conductor to stop the car. The conductor then again pulled the bell, and the speed was slackened until the car came almost to a stop, and it was then suddenly accelerated, giving the car a jerk which threw the plaintiff, who was standing on the body of the car and holding firmly to the vertical handrail, to the street. *Held*, that the case was for the jury.

Argued March 28, 1901. Appeal, No. 356, Jan. T., 1900, by defendant, from judgment of C. P. No. 3, Phila. County, Dec. Term, 1899, No. 337, on verdict for plaintiff, in case of Hugh Sweeney *v.* Union Traction Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant presented, inter alia, the following points :

1. That plaintiff's evidence does not disclose any accident, injury or defect in the operation of defendant company's cars, but simply that by the ordinary and usual hastening the propulsion of this particular car the plaintiff was thrown from the platform of the car on which he was standing, and therefore plaintiff cannot recover. *Answer :* The first point is declined. [1]

6. That under all the evidence in this case the verdict should be for the defendant. *Answer :* The sixth point is declined. [2]

2. That plaintiff's testimony shows that he left his seat and stood in a place of danger, and while thus standing fell into the street and was injured under such circumstances he cannot recover. *Answer :* The second point is declined. [3]

3. That plaintiff gave up his seat and stood in a place of danger prior to the car coming to a full stop and fell from the car under such circumstances he cannot recover. *Answer :* The third point is declined. [4]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Thomas Leaming,* with him *Dallas Sanders,* for appellant.— Plaintiff was guilty of contributory negligence: Jackson v. Philadelphia Traction Co., 182 Pa. 104; Thane v. Scranton Traction Co., 191 Pa. 249.

*A. T. Freedley,* with him *Ulysses S. Koons,* for appellee.—It is submitted that under the facts the question of the defendant's negligence was a question of fact for the jury, and was properly left to the jury: Mitchell v. Electric Traction Co., 12 Pa. Superior Ct. 472; Linch v. Pittsburg Traction Co., 153 Pa. 102; Smith v. Easton Transit Co., 167 Pa. 209; Moran v. Versailles Traction Co., 188 Pa. 557; Fairmount & Arch St. Pass. Ry. Co. v. Stutler, 54 Pa. 378; Omaha St. Ry. Co. v. Craig, 39 Neb. 601; Bumbear v. United Traction Co., 198 Pa. 198; Picard v. Ridge Ave. Pass. Ry. Co., 147 Pa. 195.

OPINION BY MR. JUSTICE FELL, May 13, 1901:

The disputed question of fact at the trial was whether the plaintiff was thrown from a car by its sudden and unexpected movement after it had been brought nearly to a stop in answer to his signal to the conductor to allow him to alight, or whether he deliberately stepped from a moving car. The assignments of error raise but the single question whether the case should have been withdrawn from the jury. It appeared from the plaintiff's testimony that he was riding north on Twentieth street in an open summer car with transverse seats, and when 100 feet from the crossing where he wished to get off, he arose, turned toward the back platform, raised his hand as a signal, and called to the conductor to stop at Dickinson street. The conductor pulled the bell, and as the speed slackened while the car was crossing Dickinson street, the plaintiff stepped to the side and stood with one foot on the car and the other on the running board. When he observed that the car was not stopping on the north side of the street, he withdrew his foot from the running board to the body of the car, and again signaled the conductor to stop the car. The conductor then again pulled the bell, and the speed was slackened until the car came almost to a stop, and it was then suddenly accelerated, giving the car a jerk which threw the plaintiff, who was standing on the body of the car and holding firmly to the vertical handrail, to the street.

Under this testimony the case was for the jury. The injury was to a passenger who having notified the conductor to stop the car at a main street, prepared to alight after the bell rang and as the speed of the car slackened. When he observed that the car would not stop, he stepped back from the running board to the body of the car, and again notified the conductor to stop. The bell was again rung, and the speed of the car slackened as if the car were coming to a full stop, and then so suddenly accelerated that the car was jerked. Such management of the car indicated negligence on the part of those in charge of it, and the plaintiff could not as a matter of law be adjudged negligent because he stood at the side of the car holding the handrail after his signal to stop had been promptly responded to by the ringing of the bell, and the speed was being reduced. Had he been jolted from the running board while crossing Dickinson

street, or had he remained standing inside the car while he waited for it to reach the next regular stopping place a square north, a different question would have arisen.  But as it was, the plaintiff stood in an apparently safe place when he gave the second notice to stop; he remained standing because his notice was acted on immediately and the speed was at once reduced. It is not unusual for a passenger in a car constructed as this was to arise in order to attract the attention of the conductor, and at times this is the only way in which he can give notice of his wish to alight.  Whether after there is a response to his notice, a passenger should resume his seat while the car is being brought to a full stop, depends upon circumstances, and unless they are exceptional it is a question of fact for the jury.

The judgment is affirmed.